UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD PHILLIP CZARNECKI,

      Petitioner,

v.                                    Case No.  3:14cv45/LC/CJK

JULIE L. JONES,[1]

      Respondent.

_____/

ORDER and
REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1) and supporting memorandum (doc. 2).  Respondent filed an answer (doc. 15), submitting relevant portions of the state court record (doc. 16).  Petitioner replied (doc. 19).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District

---

[1]Julie  L. Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted for Crews as a respondent.  Fed. R. Civ. P. 25(d).

Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On April 1, 2010, petitioner, having executed a written plea and sentencing form, entered a straight-up/open plea of no contest in Okaloosa County Circuit Court to five informations (Case Nos. 09-CF-2103, 09-CF-2104, 09-CF-2308, 09-CF-2309 and 10-CF-93) charging him with various criminal offenses, including grand theft, burglary of a dwelling, possession of a firearm by a convicted felon, dealing in stolen property by trafficking, and burglary of an occupied dwelling or structure.  (Doc. 16, Exs. I, J).[2]  The trial court sentenced petitioner as a habitual felony offender to various concurrent terms of imprisonment, the longest being twenty years followed by five years of probation.  (Ex. K, pp. 115-120; Ex. L).  Judgment was rendered May 21, 2010.  (Ex. L).  Petitioner directly appealed from the judgment and sentence (Ex. M), but subsequently filed a notice of voluntary dismissal.  (Ex. N).  The Florida First

---

[2]All references to exhibits are to those provided at Doc. 16, unless otherwise noted.  If a cited page has more than one page number, the court cites to the typed page number appearing at the bottom center of the page.

District Court of Appeal (First DCA) dismissed petitioner's appeal on September 20, 2010.  (Ex. O).

On April 19, 2011, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, challenging the validity of his plea on one ground of ineffective assistance of counsel.  (Ex. P).  Specifically, petitioner alleged that his public defender, James Gardner, informed him that the State had offered a plea agreement of 15 years plus 5 years probation on all charges, but that it would be in petitioner's best interest to forego that offer and enter an open plea to the court because Gardner would have the victims testify favorably at sentencing to a lesser term with full restitution.  Petitioner alleged that Attorney Gardner assured him he would most likely be sentenced to 7 years in prison followed by 5 years of probation which was permissible under the guidelines scoresheet.  (Ex. P, p. 3). Petitioner alleged that he accepted this advice and entered an open plea without any indication of what time he could expect to receive.  Attorney Gardner appeared with petitioner at the plea hearing on April 1, 2010, but the sentencing hearing was deferred to May 12, 2010, and a different attorney, Assistant Public Defender Jelani Berry, appeared at the sentencing hearing.  Petitioner alleged that Attorney Berry had no witnesses on petitioner's behalf and was not familiar with the representations

Attorney Gardner had made to "induce" petitioner to forego trial and enter the open plea of no contest.   Petitioner asserted that he was affirmatively misinformed, misadvised, or misrepresented of his "true stature" before the court when Gardner told him he would receive less than 15 years plus 5 years probation if he entered an open plea to the bench, because he actually received 20 years on all counts plus 5 years of probation.   Petitioner alleged that but for counsel's misadvice and misrepresentation, he would not have entered his plea and would have proceeded to trial.  (Ex. P, p. 3).

The state postconviction court set an evidentiary hearing on petitioner's claim, and appointed attorney Michael Weinstock to represent petitioner.   (Ex. Q). Evidentiary hearings were conducted on August 23, 2011, and February 28, 2012. (Exs. R, S).  At the outset of the August 23, 2011 hearing, the prosecutor informed the court that Attorney Gardner would be testifying at the hearing but that Attorney Berry was in Texas.  The prosecutor suggested that the hearing proceed without the testimony of Berry and that if the court later felt a need for Berry's testimony the State would pay for him to return and testify.  (Ex. R, pp. 127-128).  Postconviction defense counsel Weinstock disagreed, asserting that the issue was whether Gardner relayed to Berry that there were going to be witnesses called on petitioner's behalf;

thus, the testimony of Berry was crucial to the issue.  (Ex. R, p. 129).  The prosecutor responded that it if could be established at the hearing that no such representations were made by Attorney Gardner, there would be no need for any testimony from Attorney Berry.  (Ex. R, p. 129).  The hearing proceeded, with Attorney Gardner and petitioner testifying.  (Ex. R, pp. 132-160).  At the completion of the testimony, the parties decided that a second evidentiary hearing should be conducted to consider the testimony of Attorney Berry.  (Ex. R, pp. 160-161).

At the outset of the second evidentiary hearing held on February 28, 2012, postconviction counsel Attorney Weinstock announced that following the August 23, 2011 evidentiary hearing, the State made an offer concerning disposition of the postconviction proceeding and petitioner accepted the offer, but when Weinstock relayed petitioner's acceptance to the State, the State refused to go through with it. (Ex. S, p. 165).  Weinstock argued:  "Inasmuch as the offer and the acceptance was made before any decision by the State to revoke the offer, I make a motion that the State mandate that the – I'm sorry – that the court mandate that the State live up to the contractural [sic] – the oral contractural [sic] arrangement that we have for Mr. Czarnecki."  (Ex. S, p. 165).  Weinstock informed the court that the offer was for the State to avoid the trouble and expense of having Mr. Berry return to Florida to testify

at the second postconviction evidentiary hearing by allowing petitioner's sentence to be reduced to 12 years in prison followed by 5 years of probation.  (Ex. S, pp. 165-66).  The prosecutor responded that all of the negotiations had been preliminary, and that nothing was in writing or confirmed.  (Ex. S, p. 166).  Attorney Weinstock responded that the negotiations went beyond preliminary because when the prosecutor made the offer, Weinstock was to go see petitioner at the jail immediately to see if he accepted the offer to avoid the expense and trouble of having Attorney Berry come testify at the hearing.  (Ex. S, pp. 166-167).  Weinstock told the judge that petitioner had accepted the offer and the acceptance was relayed to the State.  (Ex. S, p. 167).  The judge, apparently referring to a provision of Florida Rule of Criminal Procedure 3.172 governing withdrawal of a plea offer or negotiation, asked:

> THE COURT:  Well, doesn't the Rule say until it's accepted by the Court, it can be withdrawn by any – either party at any time?
>
> I know there may be some issues regarding collegiality and cooperation, and I'm aware of just a few cases which suggest that – almost sort of like an estoppel argument where a defendant acts to the defendant's detriment on the offer that would be submitted to the Court, and pleas in another case, I think is the – another jurisdiction, only to have the offer withdrawn.  And I think those cases suggest that not withstanding the Rule, there's a manifest injustice worked on the defendant in that case, and the State must offer the written – must – may not withdraw the written offer they previously made to the defendant.
>
> We don't have that here.

MR. WEINSTOCK:  Well, we do have an injury to the client, Your Honor, inasmuch as in anticipation of –

THE COURT: Okay.  Well let[']s go this way.  Any case law that suggests I can do what you're telling me to in this set of circumstances?

MR. WEINSTOCK: Nothing available right now.  I ask the Court in its equity position to accept the fact that because we were of the impression that the offer was going to be accepted, there are certain witnesses that we could have called, which we have not called, perhaps a mistake in trusting that the State was going to live up to its oral agreement, but that's – that's the collegiality that the Court referred to.

MR. BERNHARDT [prosecutor]:  And Your Honor –

THE COURT: Well, that's a completely different argument, isn't it?

MR. WEINSTOCK:  For me to depend upon what – for me to assume that there was a contract?

THE COURT:  No.

MR. WEINSTOCK:  No.

THE COURT:  For you to act in accordance considering this hearing today, that's a different issue, isn't it?

MR. WEINSTOCK:  I don't see what the Court is alluding to. I'm sorry.

THE COURT: Well, you just told me you wouldn't call witnesses because you thought you had a plea agreement, and therefore, you're prejudiced.  Is that not what you just said?

MR. WEINSTOCK:  Well, that's the – that's the possibility right now.  The issue – no.  Well, that's more than a possibility, that's one of the issues that I spoke to Mr. Czarnecki about, about getting some witnesses on his behalf here.  Unfortunately we can't get them now.

MR. BERNHARDT:  And Your Honor, if I can state just for the record that this case has been set for I think over a month at least, and these conversations went from Tuesday to Thursday of last week.  His first offer was Tuesday.  I think I came back Wednesday and then by Thursday I told him that we couldn't do it.  So I don't think that witnesses coming in on their behalf would have been [a]ffected very much by that short of time period so close to trial – or so close to the hearing.

MR. WEINSTOCK:  Your Honor, I think I have to agree with Mr. Bernhardt on that part, Your Honor.  So I just have to revoke [sic] – revoke [sic] back to the issue that there was a oral agreement with the State.  I'm asking this Court to direct the State to adhere to its oral agreement.

THE COURT:  Absent some law that suggests I can do that or that it falls within the very narrow exception, denied.

(Ex. S, pp. 168-170).  The evidentiary hearing proceeded with two witnesses: Attorney Berry and petitioner.  (Ex. S, pp. 171-209).  Following the testimony, the court entertained argument from counsel and indicated it would issue a written order.  (Ex. S, pp. 210-222).

The state court issued its written order on April 13, 2012.  (Ex. T).  The order set forth the procedural history, petitioner's postconviction claim of ineffective assistance of trial consel, and the law governing petitioner's claim, namely, the

*Strickland v. Washington*, 466 U.S. 668 (1984), standard.  (Ex. T, pp. 106-107).  The

court denied relief, summarizing its conclusion as follows:

> This ground must be denied.  In order to satisfy the <u>Strickland</u> test
> in this case, Defendant must show that but for misadvice from his
> attorney, he would not have elected to enter the plea he did.  The
> testimony of the evidentiary hearing establishes that Defendant's
> attorney did not guarantee the favorable testimony by any witness at
> sentencing and that Defendant understood this fact.  The testimony
> further establishes that all reasonable efforts were made to secure the
> presence of any witnesses that could offer favorable testimony and that
> none were willing.  The Court concludes that the defendant was not
> misadvised by his attorney regarding witnesses for sentencing.

(Ex. T, pp. 108-109).  Petitioner's motion for rehearing was denied (Exs. U, V).

Petitioner filed a *pro se* appeal.  (Ex. W).  The First DCA affirmed, per curiam and

without a written opinion.  *Czarnecki v. State*, 124 So. 3d 233 (Fla. 1st DCA 2013)

(Table) (copy at Ex. Z).  The mandate issued November 21, 2013.  (Ex. CC).

Petitioner filed his federal habeas petition in this court on January 30, 2014.

(Doc. 1).  The petition raises three claims, all of which relate to petitioner's

postconviction proceeding:

> CLAIM 1:  The state attorney reneged and withdrew already agreed
> upon plea bargain just prior to evidentiary hearing after petitioner had
> dismissed defense witnesses and was unable to have them present for his
> hearing.

CLAIM 2:  Defense counsel [Weinstock] rendered ineffective assistance by failing to inform petitioner that the state had withdrawn previously agreed upon plea offer and by failing to prepare for evidentiary hearing.

CLAIM 3:  Defense counsel [Weinstock] rendered ineffective assistance by failing to prepare for evidentiary hearing and present applicable case law to support and uphold the state's agreed upon plea offer.

(Doc. 1, pp. 5-10).  Respondent asserts that each claim fails, because it does not present a claim cognizable on federal habeas review and, alternatively, is unexhausted and procedurally defaulted.  (Doc. 15, pp. 38-58).

## DISCUSSION

### Ground One

Petitioner claims that the State should have been compelled to follow through with its offer concerning disposition of the postconviction proceeding.  (Doc. 1, p. 7).  Petitioner also claims that postconviction counsel Attorney Weinstock was ineffective for failing to inform him that the State had reneged on its offer, and for failing to present the postconviction trial court with relevant case law to support the defense request to require the State to follow through with the parties' alleged oral agreement.  (Doc. 1, pp. 5-7).

Petitioner's allegations do not state a plausible basis for federal habeas relief, because they do not give rise to a constitutional claim and do not undermine the

legality of petitioner's imprisonment.  Federal habeas relief is available to correct

only constitutional injury related to a criminal defendant's conviction and sentence.

28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L.

Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court

may issue a writ of habeas corpus to a state prisoner only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States.")

(internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68,

112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (holding that errors that do not

infringe upon a defendant's constitutional rights provide no basis for federal habeas

corpus relief); *see also Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1325 (11th Cir.

2010) ("Federal habeas relief is available to remedy defects in a defendant's

conviction and sentence, but 'an alleged defect in a collateral proceeding does not

state a basis for habeas relief.'" (*quoting Quince v. Crosby*, 360 F.3d 1259, 1262

(11th Cir. 2004))).

Petitioner cites *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed.

2d 427 (1971), and federal rules of criminal procedure for the proposition that "when

a plea rests in any significant degree on a promise or agreement of the Prosecutor, so

that it can be said to be part of the inducement or consideration, such promise must

be fulfilled." (Doc. 2, p. 6 (*quoting Santobello*, 404 U.S. at 262)). *Santobello* is inapposite, as it involved a guilty plea to a criminal charge. Petitioner's allegation of a proposed offer in his state postconviction proceeding does not undermine the legality of his imprisonment on the underlying criminal charges.

Petitioner's claim also fails because it is procedurally defaulted. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[3] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct.

---

[3]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B) (i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state

courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404

U.S. at 277-78.  A claim that was not properly presented to the state court and which

can no longer be litigated under state procedural rules is considered procedurally

defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-

40, 848, 119 S. Ct. 1728; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th

Cir. 2014) ("Where a return to state court would be futile – because the petitioner's

claims would clearly be barred by state procedural rules – a federal court can 'forego

the needless judicial ping-pong' and treat unexhausted claims as procedurally

defaulted." (*quoting Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998)));

*Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that

federal habeas courts should enforce applicable state procedural bars even as to

claims that were never presented to the state courts).

   A petitioner seeking to overcome a procedural default must show cause and

prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210

(11th Cir. 1993).  "For cause to exist, an external impediment, whether it be

governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*citing Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).  The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.*

Where, as here, petitioner received an evidentiary hearing, he was procedurally required to file an appellate brief in order to seek review in his state collateral proceeding.  *See* Fla. R. App. P. 9.141(b)(3).  Petitioner filed a brief, but he did not seek review of the state postconviction court's denial of the defense motion to require the State to "live up to" the parties' oral agreement concerning disposition of the

postconviction proceeding; nor did petitioner fully brief and argue the issue.

Petitioner's initial brief raised one issue:

> COURT ERRED IN DENYING CLAIM ONE OF APPELLANT'S
> RULE 3.850 MOTION FOR POST-CONVICTION RELIEF
> WHEREBY APPELLANT WAS DENIED CONSTITUTIONALLY
> GUARANTEED EFFECTIVE ASSISTANCE OF COUNSEL (6TH
> AMENDMENT) WHERE HIS ATTORNEY FAILED TO
> ADEQUATELY INFORM/ADVISE HIM REGARDING THE
> STATE'S PLEA OFFERS WHERE APPELLANT'S NOLO
> CONTENDERE PLEA WAS NOT VOLUNTARY, COMPETENT, OR
> INTELLIGENTLY ENTERED AS A PROXIMATE RESULT OF
> BEING DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN
> VIOLATION OF SIXTH AMENDMENT TO THE UNITED STATES
> CONSTITUTION.

(Ex. W, p. ii).  By identifying this issue, petitioner clearly sought to complain about

his representation in the original criminal prosecution.  In a footnote of petitioner's

"Statement of the Case and Facts," petitioner described the negotiations that occurred

between the first and second postconviction evidentiary hearings, and asserted that

postconviction counsel Attorney Weinstock was ineffective "in the preparation and

presentation of evidence and testimony" regarding petitioner's underlying

postconviction claim of ineffective assistance of trial counsel.  (Ex. W, p. 2 n.1).  The

State filed an answer brief.  (Ex. X).  The State conceded that petitioner preserved his

claim of ineffective assistance of trial counsel by presenting it in the postconviction

proceeding.  (Ex. X, p. 20).  The State noted in a footnote, however, that to any extent

petitioner was attempting to raise a claim of ineffective assistance of postconviction counsel, the claim was not preserved for review.  (Ex. X, p. 20 n.2).  Petitioner replied.  (Ex. Y).  The First DCA summarily affirmed.

Petitioner's failure to raise and argue the issue in his postconviction appeal constituted a waiver or abandonment of that issue in the state court.  *See Marshall v. State*, 854 So. 2d 1235, 1252 (Fla. 2003) (holding that if an appellant does not raise and argue a claim in his or her initial appellate brief, then that claim is deemed abandoned because it is insufficiently presented for review); *see also, e.g., Duest v. Dugger*, 555 So. 2d 849, 851-52 (Fla. 1990) (holding that defendant's attempt to raise certain issues in his appeal from an order denying postconviction relief by "simply referring to arguments presented in his motion for postconviction relief" was insufficient:  "The purpose of an appellate brief is to present arguments in support of the points on appeal.  Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").

Because petitioner failed to invoke one complete round of Florida's established appellate review process, and because state procedural rules now bar petitioner from returning to state court to properly exhaust his claim, Ground One is procedurally

defaulted on federal habeas review. *O'Sullivan*, 526 U.S. at 845; *see also Atwater v. Crosby*, 451 F.3d 799, 810 (11th Cir. 2006) (holding that petitioner, who had received an evidentiary hearing on his Rule 3.850 motion, procedurally defaulted his ineffective assistance claim when he failed to argue it in his initial brief on appeal and thereby abandoned it; raising it in his reply brief was not proper exhaustion); *see also, e.g., Baker v. Dep't of Corr., Sec'y*, — F. App'x —, 2015 WL 8606404, at *4 (11th Cir. Dec. 14, 2015) (holding that petitioner's substantive double jeopardy claim was procedurally defaulted, because petitioner abandoned it in his postconviction appeal); *Cortes v. Gladish*, 216 F. App'x 897, 899-900 (11th Cir. 2007) (stating that had the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted on federal habeas review).

Under the facts of this case, there would be no "objective factor[s] external to [petitioner's] defense" that impeded his ability to raise his claim before the state postconviction appellate court. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). Postconviction counsel's alleged ineffective assistance during the postconviction evidentiary hearing cannot establish cause, because the procedural default of Ground One occurred in petitioner's postconviction <u>appeal</u>. Petitioner's

*pro se* status in his postconviction appeal does not invoke the *Martinez v. Ryan* equitable rule.  *See Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d (2012) (announcing equitable rule whereby a federal petitioner may establish cause, in narrow circumstances, to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in an <u>initial-review</u> collateral proceeding).  "[T]he *Martinez* rule is expressly limited to attorney errors in initial-review collateral proceedings:  '[T]he holding in [*Martinez*] does not concern attorney errors in other kinds of proceedings, <u>including appeals from initial-review collateral proceedings,</u> second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts .'"  *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014) (*quoting Martinez*, 132 S. Ct. at 1320) (alteration in original) (emphasis added).  Petitioner's procedural default bars federal habeas review of Ground One.

<u>Grounds Two and Three</u>

Petitioner's Ground Two asserts that postconviction counsel Attorney Weinstock was ineffective "for failing to inform the Petitioner . . . that the State had withdrawn a previously agreed upon plea offer.  Counsel was also [i]neffective by failing to adequately prepare a defense at Petitioner's [postconviction] evidentiary

hearing." (Doc. 1, p. 8). Petitioner's Ground Three asserts that postconviction counsel Weinstock was ineffective "by failing to prepare and present applicable case law to support his argument against the state." (*Id*., p. 9).

"The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *Jimenez v. Fla. Dep't of Corr*., 481 F.3d 1337, 1343 (11th Cir. 2007) (holding that § 2254(i) barred petitioner's claim that the ineffective assistance of state-appointed counsel in petitioner's state postconviction proceeding deprived him of his state-created right to full and fair state postconviction process); *see also Chavez v. Sec'y, Fla. Dep't of Corr*., 742 F.3d 940, 944 (11th Cir. 2014) ("*Martinez* did not . . . create a freestanding claim for challenging a conviction or sentence based on the alleged ineffective assistance of state post-conviction counsel."). Petitioner's ineffective assistance of postconviction counsel claims raised in Grounds Two and Three provide no basis for federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie L. Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1) be DENIED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 12th day of January, 2016.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.